IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PLUS EV HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20-00197-CV-W-BP |
| | ) | |
| THRAS.IO, INC. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED SCHEDULING AND TRIAL ORDER

The Joint Motion for First Amendment to Scheduling and Trial Order (Doc. 68) is GRANTED. The following amended schedule is hereby established:

1. TRIAL SETTING. This case is scheduled for a jury trial, commencing at 8:30 a.m., on January 3, 2022, at the United States District Courthouse in Kansas City, Missouri.

2. TELECONFERENCE. A teleconference is set at 1:30 p.m., on December 2, 2021 to discuss the progress of the case and possible court ordered mediation. Parties shall call in by dialing (877) 336-1839 and enter access code 4259420.

3. PRETRIAL CONFERENCE. A final pretrial conference in this case will be held at 1:30 p.m., on December 17, 2021 at the United States District Courthouse in Kansas City, Missouri.

4. DISCOVERY DEADLINE. All fact discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before February 15, 2021. Expert discovery shall be completed by June 15, 2021. This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph.

The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. In the event that a teleconference is needed, email your request to my judicial assistant at annette_cordell@mow.uscourts.gov. A memorandum of the discovery dispute, not to exceed one page in length, should be electronically submitted by each party no later than forty-eight hours prior to the teleconference.

Prior to bringing any discovery dispute before the Court, the parties are reminded to consult the Principles for the Discovery of Electronically Stored Information available on the Court's website under "Local Rules, ESI Principles, Procedures & Fees."

5. EXPERT DESIGNATION DEADLINES. The plaintiff shall designate any expert witnesses it intends to call at trial on or before March 15, 2021, and the defendant shall designate any expert witnesses it intends to call at trial on or before April 15, 2021. Any rebuttal experts shall be designated by May 17, 2021. This paragraph applies to all witnesses retained or non-retained from whom expert opinions will be elicited at trial.

Along with each party's designation of expert witnesses, each party shall provide the other parties with a report, pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., from each expert witness designated. Expert witnesses may testify only as to matters contained in the report described above unless leave of Court is granted upon good cause shown.

With respect to treating physicians, coroners and like professionals not retained to testify for a party, the report requirements of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond

the treatment provided by said physician unless designated as an expert. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of this Order.

6. DISPOSITIVE MOTION DEADLINE. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before July 15, 2021. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

7. PRETRIAL CONFERENCE DOCUMENT DEADLINES. The documents listed below shall be filed prior to the pretrial conference. All deadlines listed are business days.

    a. <u>Motions in Limine</u>. Motions in limine shall be filed at least ten (10) days prior to the pretrial conference. Responses to motions in limine shall be filed at least three (3) days prior to the pretrial conference.

    b. <u>Stipulation of Uncontroverted Facts</u>. At least three (3) days prior to the date the pretrial conference is to be held, the parties shall file a stipulation of any uncontroverted facts. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect.

    c. <u>Witness List</u>. At least five (5) days prior to the date the pretrial conference is to be held, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment.

    d. <u>Exhibit List</u>. At least five (5) days prior to the date the pretrial conference is to be held, each party will file and serve a list of all exhibits which may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court. Please use the form Exhibit Index listed on the Court's website.

e. <u>Stipulation as to the Admissibility of Evidence</u>. At least three (3) days before the pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, when the identification and foundation of the exhibit is not to be contested.

f. <u>Designation of Deposition Testimony</u>. Fifteen (15) days before pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.[1]

g. <u>Objections to Designated Deposition Testimony and Counter Designation</u>. At least ten (10) days prior to the pretrial conference, each party shall file and serve:

   1. Any objections to proposed deposition testimony designated by any other party; and

   2. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h. <u>Submission of Deposition Designations</u>. Seven (7) days prior to the pretrial conference, each party shall file, serve, and deliver to all other parties and the Court, its objections to any deposition testimony designated pursuant to subparagraphs g. 1. and 2. above.

   The Court should receive deposition designations in the following manner:

   1. The parties are to jointly submit one copy of each designated deposition.

   2. Each party is to highlight the portion of the deposition they want to designate, including counter-designations.

   3. Each party should also indicate their objections on the actual deposition by bracketing those portions in the margin of the deposition.

   4. Each party should submit to the Court a Word version document of the Objections to Deposition Designations that you filed in CM/ECF. Send that via email to my judicial assistant at annette_cordell@mow.uscourts.gov.

---

[1] The parties are advised that the Court does not permit the use of a deposition in place of testimony from a witness who is available to testify at trial. *See Dhyne v. Meiners Thriftway, Inc.,* 184 F.3d 983, 989-90 (8th Cir. 1999); *Maddox v. Patterson,* 905 F.2d 1178, 1180-81 (8th Cir. 1990); *Crimm v. Missouri Pac. R. Co.,* 750 F.3d 703, 709 (8th Cir. 1984).

4

Case 4:20-cv-00197-BP   Document 69   Filed 10/23/20   Page 4 of 6

      i.      <u>Jury Instructions</u>. Three (3) days prior to the pretrial conference, the parties shall jointly file an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District of Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate. All instructions shall be designated as Instruction No. ___.

              The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

              The instructions should also be submitted to the Court electronically, in a Word document. Send the instructions via email to my judicial assistant at annette_cordell@mow.uscourts.gov.

      j.      <u>Trial Brief</u>. At least five (5) days prior to the pretrial conference, counsel for each party may file a trial brief stating the factual and legal contentions in the case.

      k.      <u>Voir Dire Questions</u>. At least five (5) days prior to the pretrial conference, counsel for each party shall file a list of questions or topics for voir dire. Objections to opposing party's voir dire questions shall be filed at least three (3) days prior to the pretrial conference.

              At the pretrial conference, the Court will discuss the manner in which voir dire will be conducted. In appropriate cases, the court will permit counsel for the parties to conduct questioning of the panel members. However, questions will be limited to those filed with the court, and the court will limit the amount of time each party will be permitted to conduct questioning.

8.      SETTLEMENT DEADLINE. Unless otherwise ordered, the court hereby imposes a settlement deadline of 12:00 Noon on the business day before trial. If the case is settled after that date, the court may enter an order to show cause why certain costs should not be imposed on the party or parties causing the delay in settlement.

9. COURTROOM EQUIPMENT.  If any party wants to use the audio/visual courtroom equipment it is important that they contact the Court's IT department (816-512-5740) for training.

Parties must notify the Court two days prior to the Pretrial Conference and one week prior to the Trial for any audio/visual use.

IT IS SO ORDERED.

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATE:  October 23, 2020